**Ke You YAN, Petitioner,**

v.

**Alberto GONZALES, Attorney General
of the United States, Respondent.**

No. 03–40918–AG.

United States Court of Appeals,
Second Circuit.

Dec. 8, 2005.

Thomas V. Massucci, New York, NY, for Appellant.

Steven M. Biskupic, United States Attorney, Jonathan H. Koenig, Assistant United States Attorney, Milwaukee, WI, for Appellee.

PRESENT: CARDAMONE, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ke You Yan ("Yan") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 66 (2d Cir. 2002). To be eligible for withholding of removal, the applicant must show that it is more likely than not that his or her "life or freedom would be threatened in [that] country because of [his or her] race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

The IJ's decision to deny Yan relief was based on substantial evidence. The record revealed a major inconsistency between Yan's testimony concerning the arrival of his adopted daughter and a fine notice issued nine months before her alleged arrival, which made reference to her existence. This inconsistency, coupled with a number of minor inconsistencies in Yan's testimony, supports the IJ's adverse credibility determination. Because he failed to establish entitlement to asylum, his claim for withholding of removal necessarily fails. *See id.*

For these reasons, the petition for review is DENIED. The pending motion for stay of removal is denied as moot.